JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MIGUEL HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>STEVE PORRETTA, et al.,<br><br>Defendants. | Case No. SA CV 25-00407-DFM<br><br>Order Dismissing Case for Failure to Prosecute and Comply with Court Order |

On March 3, 2025, Plaintiff Miguel Hernandez ("Plaintiff"), who is represented by counsel, filed a Complaint against Defendants Steve Porretta ("Porretta"), Donna L. Kaeser ("Kaeser"), and unnamed Doe Defendants 1-10. See Dkt. 1. On April 10, 2025, Plaintiff filed Proofs of Service, indicating that Kaeser and Porretta were personally served on March 23 and March 27, 2025. See Dkts. 7, 8. Answers were thus due by April 14 and 17, 2025. See Fed. R. Civ. P. 12(1)(A)(i).

On April 17, 2025, Kaeser filed a stipulation extending her time to file an Answer to May 14, 2025. See Dkt. 11. On April 18, 2025, Plaintiff requested an entry of default against Kaeser and Porretta. See Dkts. 13, 15. That same day, however, Plaintiff filed a Notice of Errata stating his request for the Clerk of this Court to enter default against Kaeser was inadvertently filed and should

be disregarded. See Dkt. 14. The Clerk thus entered default against Porretta on April 23, 2025, but did not enter default against Kaeser. See Dkts. 16, 17.

When by May 22, 2025, neither Kaeser nor Porretta had filed an Answer or otherwise responded to the Complaint, and Plaintiff had not requested entry of default against Kaeser or filed a motion for default judgment against Porretta, the Court ordered Plaintiff to show cause why this action should not be dismissed for failure to prosecute. See Dkt. 19 ("OSC"). The Court instructed Plaintiff to do one of the following to discharge the OSC: (1) seek entry of default and/or default judgment; (2) file a notice of voluntary dismissal under Fed. R. Civ. P. 41; or (3) cause by some means an Answer or other filing to be made by Defendant. See id. On June 12, 2025, Plaintiff filed a request for the Clerk to enter default against Porretta. See Dkt. 20. That same day, Plaintiff filed a Notice of Errata stating the request for entry of default against Porretta was mistakenly filed. See Dkt. 21. Plaintiff has not taken any other action in this case, and the time to respond to the Court's OSC has expired. See Dkt. 19 (requiring response within twenty-one (21) days).

## I. DISCUSSION

District courts "have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion." Oliva v. Sullivan, 958 F.2d 272, 273 (9th Cir. 1992). When determining "whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

Having considered the Pagtalunan factors, the Court is persuaded that this action should be dismissed for failure to comply with a court order and

failure to prosecute. Plaintiff's failure to seek entry of default and default judgment or take any other action hinders the Court's ability to move this case toward disposition and indicates that Plaintiff does not intend to litigate this action. With regard to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). The second factor also favors dismissal because "it is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." Pagtalunan, 291 F.3d at 642. In other words, Plaintiff's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [him] to control the pace of the docket rather than the Court." Yourish, 191 F.3d at 990 (internal quotation marks omitted).

As to the third factor, an unreasonable delay creates a presumption of prejudice. See In re Eisen, 31 F.3d 1447, 1452 (9th Cir. 1994). With regard to the fourth factor, the Court notes it has attempted less drastic alternatives to no avail. The Court issued an OSC why this case should not be dismissed for failure to prosecute. See Dkt. 19. Plaintiff did not appropriately respond to the OSC. Thus, it does not appear to the Court that less drastic sanctions are available.

Finally, as to the fifth factor, public policy favoring disposition on the merits generally weighs against dismissal, but "it logically rests upon an inherent presumption a litigant . . . has manifested a diligent desire to prosecute his or her claims." Ewing v. Ruano, No. 09-8471, 2012 WL 2138159, at *2 (C.D. Cal. June 12, 2012). Indeed, it is a plaintiff's responsibility to move a case toward a merits disposition. See Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff's failure to timely prosecute this case, including his failure to seek default, file a motion for default judgment, or take other action after Defendants failed to file timely responses to the Complaint, decreases the weight of the public policy favoring

disposition on the merits. See Yong Koo v. Portillo, No. 19-6318, 2020 WL 10313717, at *1 (C.D. Cal. Jan. 21, 2020) (dismissing action with prejudice for lack of prosecution and failure to comply with court orders when the plaintiff failed to file a motion for default judgment by court's deadline); Kyu Hwa Back v. Jose Gonzalez, No. 19-8974, 2020 WL 4018813, at *2 (C.D. Cal. Feb. 18, 2020) (dismissing case without prejudice for same). The Court finds, therefore, that this factor is neutral and does not preclude dismissal.

## II.  CONCLUSION

On balance, the Court finds the relevant factors weigh in favor of dismissal. This case is therefore DISMISSED WITHOUT PREJUDICE for failure to prosecute and comply with a Court order.

Date: July 14, 2025

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge